### 12395

### STATE v. CENTER

#### (142 S. E., 61)

CRIMINAL LAW—AIDERS AND ABETTORS IN MISDEMEANORS BECOME PRINCIPALS.—All aiders and abettors in misdemeanors become principals.

Before ANSEL, J., County Court, Greenville, June, 1926. Affirmed.

J. Center was convicted of receiving, accepting, and possessing liquor, and he appeals.

Exceptions 1 and 5 are as follows:

"Exception 1. In admitting on cross-examination of the defendant other alleged incidents of fooling with whisky, the same being prejudicial to the defendants' rights and incompetent."

"Exception 5. In charging the jury: 'I want to say that all aiders and abettors in a misdemeanor are equally

guilty with the principal. If one violates the law and another aids in it, that one is as guilty as the first one, this being a misdemeanor, it is for you to say whether or not the defendant had possession of any whisky or was he aiding any one who did have it?' "

*Messrs. Martin & Bolt,* for appellant, cite: *Error to allow cross-examination as to other independent transactions with whisky:* 125 S. C., 416; 132 S. C., 362; 128 S. C., 411. *Error to charge the law as to aiders and abettors when same not alleged in indictment:* 16 C. J., 972; 165 S. W., 407.

*Solicitor Dakyns B. Stover,* for respondent.

March 12, 1928.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

The defendant was convicted at June term, 1926, in County Criminal Court on third count of indictment which charged that he "did willfully and unlawfully receive, accept, and have in his possession spirituous, vinous, fermented, or malt liquors or beverages containing more than 1 per cent. alcohol and used as a beverage," etc., and was sentenced by the Court to serve six months at hard labor upon the public works of Greenville County.

The defendant operated a cafe on Camp Road outside of City of Greenville, situated near many garages and other establishments of like nature, and at whose place at the time, about 11 o'clock p. m., quite a crowd congregated to be served at tables and at a lunch counter with cold drinks and eatables. The place was approached from front and rear by officers, who upon search, as was the officers' known custom, of all present, men and women alike, found two small vials of liquor, one on the table just inside the cook room door and one underneath the table in the dining room being used by guests.

This appeal questions the ruling of the Court upon admissibility of certain testimony and on its charge as to aiding and abetting in the misdemeanor crime of possession of liquor.

The exceptions are five in number. Exceptions 2, 3, and 4 were abandoned at the hearing.

We see nothing harmful and prejudicial in Exception 1; nor in Exception 5. All aiders and abettors in misdemeanors become principals. His Honor's charge was not prejudicial.

The exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.

MR. JUSTICE COTHRAN (concurring) : The first exception cannot be sustained for the reason that the testimony was admitted without objection. No objection was entered until after it had been received, and no motion was made to have it stricken out.

The fifth exception (all others having been abandoned), cannot be sustained, for the reason that an indictment against one as principal may be sustained upon proof that he was present aiding and abetting the actual principal, a fact that would make him a principal whether in felonies or misdemeanors.

It would tend to misapprehension to base the correctness of the charge upon the ground that all who aid or abet the commission of a *misdemeanor* are principals; this is true of every crime, felony, or misdemeanor. The matter which evidently was in the mind of the presiding Judge was the law of accessory before or after the fact. There can, of course, be no accessories to a misdemeanor; all are principals. The admissibility of evidence of aiding and abetting should not be based upon the ground stated. See note to L. R. A., 1915-E, 608.